EUGENE AUMAITRE, *ET AL*. PLAINTIFFS-RESPONDENTS, v. BOARD OF CHOSEN FREEHOLDERS OF CAMDEN COUNTY AND RONALD C. KERINS, DEFENDANTS-APPELLANTS, AND A. DONALD BIGLEY, DEFENDANT-RESPONDENT.

Argued May 25, 1971—Decided June 29, 1971.

450

*Mr. Roy D. Cummins,* First Assistant County Counsel of Camden County, argued the cause for appellants (*Mr. Raymond W. Uliase,* County Counsel of Camden County, attorney; *Mr. Cummins,* on the brief).

*Mr. M. Allan Vogelson* argued the cause for respondents Eugene Aumaitre, *et al.*

*Mr. A. Donald Bigley,* Camden County Prosecutor, argued the cause *pro se.*

PER CURIAM: In this action in lieu of prerogrative writ, the prosecutor's detectives of Camden County sought to compel the Board of Chosen Freeholders to pay them additional moneys in place of compensatory time off for overtime worked. The trial court found plaintiffs were entitled to monetary compensation for time worked beyond regular of-

fice hours, and the Board of Chosen Freeholders appealed. While the appeal was pending unheard in the Appellate Division we certified the matter on our own motion. *R.* 2:12–1.

In holding that plaintiffs were entitled to be paid for overtime hours, the trial court relied on Article II, paragraph G of the Comprehensive Compensatory Plan adopted by the Board, which provides:

Overtime — (Overtime shall be paid in compensatory time only, except as hereinafter provided.) Overtime refers to any time worked beyond the regular hours of duty, and is granted only when the employee is ordered to work by a supervisor.

\*    \*    \*    \*    \*    \*    \*    \*

6. If for *unusual* circumstances a department head feels that an employee should be compensated with additional pay in place of compensatory time off, a letter describing the circumstances should be forwarded to the Personnel Committee for approval.

The trial court concluded that the prerequisites for cash overtime payments were met in the instant case. It found that the established regular hours for the prosecutor's office were 9:00 A.M. to 4:00 P.M. daily; that plaintiffs' regular workweek therefore was 30 hours; that plaintiffs requested the prosecutor to grant them compensatory time off for the hours they were directed to work beyond regular office hours; and that the prosecutor could not do so because he did not have sufficient manpower in his office. The trial court found that the prosecutor's reason for denying time-off compensation satisfied the "unusual circumstances" standard of subsection 6 and that plaintiffs therefore were entitled to money compensation.

The result reached represented the unintended consequences of two separate actions, neither taken in light of the other. The prosecutor fixed regular office hours at 9:00 A.M. to 4:00 P.M. He did not intend thereby to suggest that detectives be given a workweek of 30 hours and potentially be entitled to premium pay for hours worked in excess of

452

that amount. The Board of Chosen Freeholders adopted a program of time off or money equivalent for overtime. It never contemplated that prosecutor's detectives, who are salaried employees, would be covered thereby and be entitled to monetary compensation for hours worked in excess of regular office hours; and, indeed, the salary levels for detectives established by the Board were not based on the assumption that the detectives worked a standard 30-hour workweek. We think it perfectly plain that the judgment below, awarding overtime pay upon a 30-hour week basis, was beyond the intent of the Board in adopting its salary schedule and the prosecutor in establishing his regular office hours. Accordingly, the judgment is

Reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For affirmance*—None.